IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**BRINDALYN FOSTER,**

    **Plaintiff,**

vs.                                                                                                         No.: 2:13-cv-2780-SHM-cgc

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Order of Reference[1], is Defendant Christ Community Center's October 7, 2013 Motion to Dismiss. (D.E. # 4). On January 6, 2014, Plaintiff was ordered to show cause why a Report and Recommendation should not issue recommending that the Motion be granted. (D.E. #12). Plaintiff filed three motions – Pro Se Motion for Order to Show Cause to Deny Dismissal (D.E. #19), Pro Se Motion to Appoint Counsel (D.E. #21) and Pro Se Motion Requesting Permission to Exhaust Administrative Remedy (D.E. #22). On April 2, 2014, a hearing was held regarding the pending motions.

Plaintiff's Complaint, which was removed from the General Sessions Court of Shelby County, Tennessee, alleges "medical negligence/medical malpractice". (D.E. #1-3) Because the medical care at issue was rendered by Christ Community Health Services, Inc. (CCHS) at a time when CCHS and its employees were deemed to be employees of the United States, the United States was substituted as a party in the case. (D.E. # 11). Tort claims against the United States must proceed under the Federal Tort Claims Act (FTCA). 42 U.S.C.§ 233(g)(1)(A).

---

[1] All pretrial matters in this non-prisoner *pro se* case have been referred to the Magistrate Judge for management pursuant to standing order 2013-05 dated April 29, 2013.

Defendant's Motion to Dismiss argues that the Court is without jurisdiction to hear Plaintiff's case as she has not availed herself of the administrative remedies that she is required to exhaust prior to filing her lawsuit. *See* 28 U.S.C.§§ 1346(b), 2401(b) and 2671-80.  In her motion at D.E. #22 and at the motion hearing, Plaintiff acknowledged that she would need to pursue a Federal Tort Claims Act claim before continuing with her suit.

Therefore, it is RECOMMENDED that Defendant's Motion to Dismiss for lack of subject matter jurisdiction be GRANTED and that the case be dismissed without prejudice.


Signed this 21st day of April, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**